BOONE CREEK PROPERTIES,
LLC, Movant

v.

LEXINGTON–FAYETTE      URBAN
COUNTY BOARD OF ADJUSTMENT
and its Members: Barry Stumbo, Ka-
thryn Moore, Thomas Glover, Janice
Meyer, James Griggs, Noel White and
Joseph Smith; Boone Creek Neigh-
borhood Association, Inc.; and Old
Richmond Road, Inc., Respondents.

No. 2014–SC–000091–I.

Supreme Court of Kentucky.

Sept. 18, 2014.

John B. Park, Lexington, KY, Counsel for Movant.

Tracy Webb Jones, Counsel for Respondents, Lexington–Fayette Urban County Board of Adjustment and its Members, Barry Stumbo, Kathryn Moore, Thomas Glover, Janice Meyer, James Griggs, Noel White, and Joseph Smith; Boone Creek Neighborhood Association, Inc.; and Old Richmond Road, Inc.

Opinion of the Court by Justice VENTERS.

In an action pending in the Fayette Circuit Court, the Lexington–Fayette Urban County Government Board of Adjustment (the Board) moved under CR 65.04 for a temporary injunction to enjoin Boone Creek Properties, Inc. (Boone Creek) from operating certain commercial recreational activities on land in southern Fayette County. The circuit court granted the motion and issued a temporary injunction, based upon its finding that the activities were "in violation of the Zoning Ordinance of the Lexington–Fayette Urban County Government [LFUCG] and of a conditional use permit issued by the Board of Adjustment in 2000." The issues arising out of that controversy now focus upon what a governmental entity charged with enforcement of a civil law must show to satisfy the "irreparable harm" prong of CR 65.04 in order to obtain a temporary injunction restraining an ongoing violation of the law. It is an issue we have not previously addressed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Boone Creek owns property in southern Fayette County that is zoned for use consistent with the Agricultural–Residential (A–R) zoning classification. In August 2000, the Board approved a conditional use permit allowing a deviation from the standard A–R uses permitting Boone Creek to operate a private fishing club on the property; the permit authorized no additional deviations from authorized A–R uses.

In 2011, Boone Creek Adventures, a separate but related entity, applied for a conditional use permit for the same property, seeking authorization for a number of additional commercial and recreational activities, including an agricultural retail outlet, camping facilities, tree platforms, zip lines, and canopy tours. Significantly, the application for the additional uses strongly suggests Boone Creek's recognition that its existing permit did not encompass those additional activities. Following a hearing, the Board denied that application; Boone Creek appealed the decision to the Fayette Circuit Court pursuant to KRS 100.347.

Despite the Board's denial of Boone Creek's application for expanded uses,

Boone Creek constructed the tree platforms and zip lines on the property, advertised the availability of these recreational amenities to the general public, and began operation of some of the allegedly nonconforming recreational uses. After receiving complaints about these activities, the LFUCG Division of Planning conducted an investigation, and subsequently a notice of violation was issued directing Boone Creek to remove the zip lines and tree platforms, and to cease conducting and advertising those activities to the general public within thirty days, or face enforcement action. Boone Creek filed an appeal in circuit court to challenge the notice of violation.

Notwithstanding the notice of violation, Boone Creek continued to operate its nonconforming recreational activities. Consequently, in June 2013, the Board filed a motion in the circuit court for a temporary injunction pursuant to CR 65.04 seeking to halt Boone Creek's continuing violation of the conditional use permit. Following a hearing, the circuit court granted a temporary injunction ordering Boone Creek to cease the operation of its zip lines and canopy tours, and to comply with the directives of the notice of violation, except that the disassembly and removal of the zip lines was not required.

Boone Creek then sought interlocutory relief from the temporary injunction in the Court of Appeals pursuant to CR 65.07. The Court of Appeals concluded that the circuit court had properly granted the injunction and so the motion for interlocutory relief was denied. Boone Creek now seeks further review in this Court.

## II. STANDARDS FOR INJUNCTIVE RELIEF

■ CR 65.04(1) provides that a temporary injunction may be issued by the circuit court if it is clearly shown that the moving party's rights are being violated, or will be violated, by an adverse party and that the moving party will suffer immediate and irreparable injury, loss, or damage. pending a final judgment in the action, or that the acts of the adverse party will tend to render such final judgment ineffectual. "Because the elements of CR 65.04 must often be tempered by the equities of the particular situation, injunctive relief is basically addressed to the sound discretion of the circuit court." *Maupin v. Stansbury*, 575 S.W.2d 695, 698 (Ky.App.1978) (citing *Bartman v. Shobe*, 353 S.W.2d 550 (Ky.1962)).

■ CR 65.07 permits the party adversely affected by the circuit court's decision under CR 65.04 to seek interlocutory appellate relief in the Court of Appeals. A party adversely affected by the Court of Appeals' ruling may, under CR 65.09(1), move this Court for further review. We grant such review only upon a showing of "extraordinary cause." *Nat'l Collegiate Athletic Ass'n v. Lasege*, 53 S.W.3d 77, 84 (Ky.2001)("Interlocutory relief in this Court [pursuant to CR 65.09] is appropriate only where we find that it is warranted by 'extraordinary cause.'") We conclude that Boone Creek's motion satisfies that standard and the issues raised therein merit our attention.

■ Our review of a circuit court's decision to grant or deny temporary injunctive relief is based upon abuse of discretion. "Unless a trial court has abused that discretion, this Court has no power to set aside the order below." *Maupin*, 575 S.W.2d at 698. (*citing* CR 65.07 and *Oscar Ewing, Inc. v. Melton*, 309 S.W.2d 760 (Ky.1958)). Accordingly we give considerable deference to the circuit court's evaluation of the dispute, the issues involved, the weighing of the equities, and whether an injunction is proper under the particular circumstances at hand.

## III. ANALYSIS

Boone Creek argues that the temporary injunction was erroneously issued because (1) at the hearing on the motion for a temporary injunction, the Board failed to produce any evidence that Boone Creek's expanded recreational operations pending a final judgment on the merits "would cause any harm whatsoever to neighboring property owners, the environment or any other tangible interest"; (2) the Board "failed to present any evidence ... that unless the court granted a temporary injunction[ ] their ability to enforce the permit terms and conditions by permanent injunction or otherwise would in any way be harmed pending a final judgment on Boone Creek's review action"; and (3) "[i]n granting [the Board's] motion for temporary injunction, the circuit court failed to make any finding of fact concerning irreparable harm."

A finding of irreparable harm is an essential prerequisite for the issuance of a temporary injunction pursuant to CR 65.04(1). The Board argues, as it did in the circuit court and the Court of Appeals, that a persistent and ongoing violation of the law irreparably harms the public interest in law enforcement and the governmental entity charged with enforcement of the law being violated. Boone Creek argues that the Board failed to prove any tangible harm, such as environmental damage or damage to neighboring property owners, and that the intangible injury of a vague and generalized diminution of public confidence in government that might arise pending the full and final adjudication of the zoning violation, does not meet the "irreparable harm" standard.[1]

Boone Creek also argues that the circuit court's order failed to make a specific finding of fact, required by CR 65.04(5) that irreparable harm had occurred or would occur unless a temporary injunction was granted. We dispel that concern by noting that the circuit court did make a finding of irreparable harm, although, insignificantly, that determination was included in the order under the heading "Conclusions of Law." More specifically, in its "Findings of Fact and Conclusions of Law and Order Granting Temporary Injunction," the circuit court found that "[i]rreparable harm exists in this case when a citizen after due process hearings flagrantly violates the zoning ordinance and increases violating activities despite notices of violation and enforcement efforts by the Government." That presents an adequate finding by the circuit court that, in its view, irreparable harm existed here. The trial court's factual determination that irreparable harm would occur in the absence of an injunction

---

1. Boone Creek cites to *Com. ex rel. Cowan v. Wilkinson*, 828 S.W.2d 610, 615 (Ky.1992), overruled on other grounds by *Conway v. Thompson*, 300 S.W.3d 152 (Ky.2009), and asserts that it holds that " 'some vague diminution of public confidence in government' [is] insufficient injury to support [the] issuance of [a] temporary injunction.' " However, the cited quote is not a "holding" of that case. The full utterance, rather, is that "Although the Attorney General argues that there [would be] some vague diminution of public confidence in government [if the injunction is not issued], the real harm would be to establish a kind of government by judicial activism [by issuing an injunction based upon public poli-, cy], rather than have the courts interpret and apply the constitutional and statutory laws to a given situation." The point of the Court's statement is to reject the public policy argument that the public confidence in the government would be diminished if Governor Wilkinson's appointment of himself to the University of Kentucky's Board of Trustees were allowed to move forward. The present case is distinguishable because the circuit court's injunction here is based upon the violation of a specific zoning ordinance, not a public policy concern that the Governor should not contemporaneously serve as a Trustee of the University of Kentucky.

was not clearly erroneous and so is binding upon this Court in our review of Boone Creek's challenge to the injunction. CR 52.01 ("[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.") The larger question, however, is whether as a matter of law, the affront to governmental authority presented by an ongoing violation of the law and the enforcing government body's inability to promptly resolve the violation can be regarded as irreparable harm so as to justify the issuance of a temporary injunction to halt the violation pending the full and final adjudication of the matter.

■ We begin our consideration of that question with the self-evident notion that if a governmental unit enacts a law, such as the zoning law at issue in this case, and the government cannot promptly compel compliance by enjoining an ongoing violation, the power and dignity of that governmental body is diminished. Obviously, a government's inability to enforce its laws and to promptly rectify a violation harms the government by undermining its authority and jeopardizing the government's esteem in the eyes of the populace. For a representative government that draws its authority from the respect, good will, and consent of the people, rather than by the force of its armed police and military, the ability to promptly eliminate ongoing violations of laws enacted by the people's representatives is essential to the ability to govern and maintain order in the community. Its inability to do so is injurious and harmful to the government and the community it serves. Consequently, the irreparable harm which would occur in this case in the absence of an injunction is the genuine but intangible harm relating to the power and right of the county zoning authorities to correct open violations of the applicable zoning code.

■ Although this Court has not previously addressed the issue, others have. A special rule has evolved for the analysis of irreparable harm in the context of a governmental body attempting to enforce its police power.

> The required showing for issuance of a injunction is relaxed when an injunction is sought by a governmental entity to enforce its police powers. In such case, any alternative legal remedy is ignored and irreparable harm is presumed. Where the government is enforcing a statute designed to protect the public interest, it is not required to show irreparable harm to obtain injunctive relief; the statute's enactment constitutes Congress's implied finding that violations will harm the public and ought, if necessary, be restrained.

42 Am.Jur.2d *Injunctions* § 147, citing *Miami–Dade County v. Fernandez,* 905 So.2d 213 (Fla.Dist.Ct.App.2005), *Polk County v. Mitchell,* 931 So.2d 922 (Fla. Dist.Ct.App.2006), and *U.S. v. Blue Ribbon Smoked Fish, Inc.,* 179 F.Supp.2d 30 (E.D.N.Y.2001).

With emphasis upon the point that the rule creates only a *presumption* of irreparable harm, which opponents of the government's motion may rebut, we are persuaded that this rule is a sound principle for adoption into our analytical framework in cases involving injunctive relief sought by a governmental entity. Our adoption of this rule is consistent with the holding of our predecessor court in *City of Louisville v. Koenig,* 290 Ky. 562, 162 S.W.2d 19, 22 (1942): "The remedy for such intention and purpose [to construct a building in violation of the zoning code] when attempted to be executed, is the stopping of its further prosecution by a preventive order of the court, if the property owner refuses

to voluntarily abandon such misappropriation." Application of this rule in the present case reinforces the circuit court's decision to grant the injunction.

Finally, we find Boone Creek's argument that reversal is required because the Board "failed to present any evidence ... that unless the court granted a temporary injunction[ ] their ability to enforce the permit terms and conditions by permanent injunction or otherwise would in any way be harmed pending a final judgment on Boone Creek's review action" to be without merit. As noted above the rule is that in situations such as this irreparable harm is presumed, 42 Am.Jur.2d *Injunctions* § 147, and thus it was not incumbent upon the Board to present such evidence; rather, the burden was upon Boone Creek to rebut the presumption of irreparable harm.

## IV.  CONCLUSION

"[T]he right to a temporary injunction is addressed to the sound judicial discretion of the trial judge. We should not set aside his order unless it is clear that such discretion has been abused." *Melton* at 762. In this case and under these circumstances, the circuit court did not abuse its discretion by granting the requested injunction. For the foregoing reasons, the motion of Boone Creek Properties, LLC, for interlocutory relief pursuant to CR 65.09 is DENIED.

All sitting.  All concur.