IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

March 17, 2022 10:31 AM
ST-2022-CV-00018

**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
**\*\*\*\*\*\*\*\*\*\***

|  |  |  |
|---|---|---|
| HUGH P. MABE III and SETH S. STOFFREGEN, | ) ) ) | CASE NO. ST-22-CV-018 |
| Plaintiffs, | ) ) | ACTION FOR DECLARATORY |
| vs. | ) ) ) ) | JUDGMENT, TEMPORARY PRELIMINARY and PERMANENT INJUNCTION |
| BOARD OF DIRECTORS OF MAHOGANY RUN CONDOMINIUM ASSOCIATION, INC. | ) ) ) ) | **2022 VI Super 34U** |
| Defendant. | ) ) ) | |

**HUGH P. MABE III, Esq.**
9160 Estate Thomas
PMB 220
St. Thomas, Virgin Islands 00802
*Self-represented Litigant*

**SETH S. STOFFREGEN, Esq.**
P.O. Box 182
Cotuit, Massachusetts 02635
*Self-represented Litigant*

**MARIA TANKENSON HODGE, Esq.**
Hodge & Hodge
1340 Taarneberg
St. Thomas, Virgin Islands 00802
*Attorneys for Defendant*

CARTY, RENÉE GUMBS, Judge

## MEMORANDUM OPINION

¶1.     **THIS MATTER** is before the Court on Plaintiffs' "Motion for Preliminary Injunction" filed on February 25, 2022, seeking preliminary and permanent injunctive relief against the Board of Directors of Mahogany Run Condominium Association, Inc. Plaintiffs' filed their "Petition for Temporary Restraining Order" on January 24, 2022, which was denied on January 27, 2022. Defendant filed its opposition and the pertinent exhibits on February 10, 2022. The Court held a status conference on January 31, 2022, and a hearing on the motion for preliminary and permanent

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

injunction on March 7, 2022. The Court heard the sworn testimonies of Plaintiffs Hugh P. Mabe III, Esquire, and Seth S. Stoffregen, Esquire, William Quetel, past Board member, Angela Callwood, General Manager for Mahogany Run Condominium Association, Inc., and Andrew Capdeville, Esquire, current Board President. Plaintiffs' exhibits 1-7 and 12-15 were admitted into evidence. For the following reasons, the Court will grant the motion for injunctive relief due to a clear showing that such relief is warranted when the factors are considered and weighed.

¶2.     At the time of the filing, the Mahogany Run Condominium Association was scheduled to hold their annual condominium owners' meeting and election for the Board of Directors on March 19, 2022. The Court postponed the March annual meeting until resolution of this matter. Plaintiffs seek to permanently enjoin the Board of Directors of the Mahogany Run Condominium Association, Inc. ("Defendant" or the "Board") from violating the Condominium Association's By-Laws, specifically Article IV, Section 4 ("Section 4") and ask for declaratory judgment on the interpretation of Section 4. The Board consists of approximately nine (9) members, who serve two-year, staggered terms and have a term limit of two consecutive terms.[1] The dispute involves the language of Section 4 which details the appointment of interim directors when there is a vacancy on the Board. Section 4 states:

> "Vacancies in the Board of Directors caused by any reason, including the addition of a new Director or Directors, other than the removal of a Director by vote of the Association shall be filled by a vote of the majority of the remaining Directors, even though less than a quorum, at any meeting of the Board of Directors for the remainder of the term of the member being replaced until a successor shall be elected at the next annual meeting of the Association to fill the unexpired portion[2] of the term."

---

[1] Plaintiffs' Exhibit 15 at 8, *By-Laws of the Mahogany Run Condominium Association 2020* Article IV, Part A, Section 1.

[2] The word "portion" exists in the 1980 Bylaws and 2009 Amended Bylaws. In the 2020 Amended Bylaws, the term "portion" was replaced with the term "position." The Court concludes this was an error and holds the original term "portion" as the proper term.

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

Plaintiffs' interpretation of this language requires a replacement director, who was duly appointed by the Board, to serve only until the next annual meeting, at which point their successor shall be elected. They argue that the Board is limiting the number of vacant Board seats available by interpreting Section 4 to mean that a replacement director serves until the end of the term the vacating director was originally scheduled to serve. Plaintiffs request the Court declares which reading of Section 4 is the correct interpretation.

¶3.     Plaintiffs seek declaratory judgment under Title 5 V.I.C. § 1261 determining that Section 4 requires vacancies filled by vote of the Board of Directors serve only until, and expire at the time of, the next annual meeting election by the owners. The Court has discretion "to declare [the] rights, status, and other legal relations whether or not further relief is or could be claimed." *Pate v. Government of the Virgin Islands*, 2014 WL 7188999 *4 (V.I. Super. Ct. 2014).

¶4.     Plaintiffs further seek injunctive relief to permanently enjoin the Board to comply with the declared meaning of Section 4 and require the Board to place on the ballot as open board seats any board seats that had been filled pursuant to Section 4. When determining whether to issue a preliminary injunction, the trial court considers the following factors on a sliding-scale basis: 1) the probability of success on the merits; 2) the threat of irreparable harm if the injunction is denied; 3) the balance of the harm between the parties if granted; and 4) the public interest.[3] The Supreme Court, in *Yusef v. Hamed,* 59 V.I. 841, 854 (V.I. 2013), concluded that the soundest rule for the Virgin Islands is "a sliding-scale test, wherein a strong showing on one factor may decrease the weight assessed to other factors" allowing an injunction where "the probability of success on the

---

[3] *3RC & Co. v. Boynes Trucking Sys., Inc.* 63 V.I. 544, 553 (V.I. 2015).

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

merits is low if the Court determines that the moving party's likelihood of irreparable harm is great and the nonmoving party's likelihood of irreparable harm is very low."

## I. Four Factors of Granting Injunctive Relief.

### A. Plaintiffs have shown success on the merits.

¶5.     First, the Court must analyze the Plaintiffs' probability of success on the merits. "When addressing a reasonable probability of success on the merits, the movant must show that it has 'a reasonable chance, or probability, of winning,' not that it will actually prevail on the merits at trial."[4] The movant must introduce evidence making out a *prima facie* case.[5] The Supreme Court of the Virgin Islands has held that a condominium association's bylaws and governing documents are to be construed "according to the general rules governing the construction of statutes and contracts." *See Weary v. Long Reef Condominium Association*, 57 V.I. 163, 170 (V.I. 2012) (citing *Singh v. Singh*, 9 Cal Rptr.3D 4, 27-28 (Cal Ct.App.2004)). When the governing documents of condominium associations are clear and unambiguous, the Court must follow their plain meaning. *See Id*. at 169. "To determine whether a contract is ambiguous, we resort to principles of contract interpretation, keeping in mind that our primary purpose is to ascertain and give effect to the parties' objective intent." *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 624 (V.I. 2017). The Court cannot "rewrite [the Bylaws] by looking to evidence outside the four corners of the [Bylaws] to determine the intent of the parties." *Id*. at 628.

¶6.     In their efforts to enjoin the Defendant from violating Section 4 of the Mahogany Run Condominium Association's bylaws, Plaintiffs argue that the last sentence of Section 4 is

---

[4] *SBRMCOA, LLC v. Morehouse Real Estate Invs., LLC*, 62 V.I. 168, 187 (V.I. Super Ct. 2015).
[5] *Yusef v. Hamed*, 59 V.I. 841, 854 (V.I. 2013).

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

unambiguous and controls the language preceding it. The last sentence, in pertinent part, reads: "[The interim Director appointed by the Board serves] <u>for the remainder of the term of the member being replaced until a successor shall be elected at the next annual meeting of the Association to fill the unexpired portion of the term</u>." Plaintiffs' interpretation of Section 4 hinges on the words "until," "shall be elected," and "unexpired". Plaintiffs argue "until" as used in the sentence defines the interim term for the vacancy replacement member to serve only up to [until] the date of the next annual meeting when their successor "shall be elected," which further implies the mandate of an election. The term "until" is a subordinating conjunction. A subordinating conjunction is a conjunction that joins a main clause and a clause which does not form a complete sentence by itself.[6] Plaintiffs also point to the word "unexpired," and argue this demonstrates that the vacant seat filled under Section 4 shall be vacated and open for election at the next annual meeting, not at the expiration of the original term, otherwise the term "unexpired" would not be needed. Plaintiffs further argue that under the Board's interpretation, the last phrase would be meaningless, and the drafter would have ended the sentence after the word "replaced," if the interim Director were to serve for the entire unexpired term, reading the sentence as: "[the Director would serve] for the remainder of the term of the member being replaced."

¶7.    To the contrary, Defendant argues Section 4 is ambiguous; therefore, extrinsic evidence, in the form of examining the Board's past application, is needed to determine how the bylaw should be interpreted. *H.D.V.I. Holding Co., Inc., v. CDP, LLC*, 2018 WL 3213138 *4 (D.V.I. 2018). Attorney Capdeville, current Board President, testified that because of the ambiguity of

---

[6] *See* The Britannica Dictionary. 2022 Encyclopædia Brittanica, Inc. (March 17, 2022) (For example, *when* in the sentence: *They were glad when I arrived.*). https://www.britannica.com/dictionary/subordinating-conjunction.

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

Section 4, the Board hired outside legal counsel to consult on the interpretation. Defendant's contention that this bylaw is ambiguous stems from the disputed application of Section 4 and provides that the long-standing practice of the Board is to allow for appointed members to serve the duration of the term of the elected candidate they are taking the place of. Notably, Angela Callwood, Mahogany Run Condominium Association's General Manager, stated that this has been the past practice for decades that she is aware of; however, the witness could not provide a single ballot or any other documentation to support that position.

¶8. Mahogany Run further argues that under Plaintiffs' interpretation the phrase "for the remainder of the term of the member being replaced," is ignored. The Court disagrees. Rather, Defendant's interpretation of the bylaw ignores the second clause of the sentence in its entirety which states: "until a successor shall be elected at the next annual meeting of the Association to fill the *unexpired* portion of the term." The phrase "to fill the unexpired portion of the term" conveys to the Court that the drafters' intent was for the appointed member to only serve out the remainder of the term until the next annual meeting, which supports Plaintiffs' interpretation.

¶9. Plaintiffs further support their argument with an example from the 2018 annual meeting election. Michael Fitzsimmons ("Fitzsimmons") filled Michelle Meade's ("Meade") 2017 vacancy and was placed on the March 2018 ballot although Meade's seat would not expire until March 2019.[7] Plaintiffs use this example to argue that this is how the Board has applied Section 4 in the past, and that it should be applied in this manner for the upcoming election.

¶10. Defendant contends that the long-standing practice of the Board contradicts this interpretation and that for decades the practice has been that the appointed director serves out the

---

[7] Plaintiffs' Exhibit 4.

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

remaining term of the member being replaced. They further argue Fitzsimmons' name being placed on the ballot was an anomaly; an oversight of the General Manager. Particularly since this election occurred during the chaotic aftermath of the 2017 hurricanes. However, to support this contention, Defendant relied only on the testimonies of William Quetel, Angela Callwood, and Attorney Capdeville. Ms. Callwood testified that she was the General Manager in 2018 and prepared the documents for the annual meeting, including the ballots and biographies for the candidates. She stated that the ballots and biographies were sent to the members of the Board and the candidates for approval, prior to distribution. Michael Fitzsimmons was on the 2018 ballot, despite the Board's current stance that he should not have been. Ms. Callwood testified that this was a clerical error on her part and should not have happened. However, Plaintiffs argue that this is the most recent election where a similar election occurred and the only election for which there is documentation to support that this happened, therefore the 2018 election should not only be the standard practice for vacancy appointments on the Board, but is also the most plausible course of action which fosters an open democratic voting process. Assuming *arguendo*, this was in fact the historic practice, it does not mean such practice was in compliance with the bylaw. In fact, it was not. Section 4, although equivocal and perhaps inartfully drafted, is not so ambiguous as to adopt Defendant's interpretation. Since Defendant could not provide any evidence to show otherwise, with the exception of Mr. Quetel's uncorroborated testimony, the Court agrees with Plaintiffs.

¶11.    Here, Plaintiffs have set forth a plausible interpretation of the plain meaning of Section 4 and have provided a well-documented example of the previous application of Section 4 by the Board which supports their interpretation. Conversely, Mahogany Run could not adequately demonstrate that the historical practice of the Board negates this interpretation. Yet, even if there

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

were a plethora of examples set forth by the Board, such practice would still be a violation of Section 4. Accordingly, the Court finds that Plaintiffs have shown success on the merits.

**B. Plaintiffs have shown the likelihood of irreparable harm.**

¶12.    Plaintiffs argue that if the Board is not enjoined Plaintiffs will suffer irreparable harm as a result of being denied their electoral rights for the next annual meeting. They argue that candidates for the election are limited in the opportunity to serve on the Board and that owners are disenfranchised by the denial of their electoral rights by the Board's incorrect interpretation of Section 4. Plaintiffs are correct.

¶13.    Under Article I, Section 4 of the Mahogany Run Condominium Association bylaws each unit is entitled to a vote in the Board election.[8] The bylaw states, in pertinent part:

> "Each unit shall be *entitled* to a vote, which shall be the percentage assigned in the Declaration, which may be cast by the owner, the owner's spouse, or by a lawful proxy as provided below."

As a guaranteed right in the bylaws of the Association, owners also have the duty to ensure the Board abides by the bylaws. Regardless of past application of the bylaws, owners ought to have confidence in a properly conducted open and fair electoral process. Virgin Islands courts have held that a violation of the bylaws by the condominium board of directors is more serious than a violation by an individual owner because there is greater potential for harm. *See Board of Directors of Shibui v. McGuire*, 16 V.I. 300, 309 (Terr. Ct. 1979). In fact, "the underlying assumption of .... [t]he entire Condominium Act, is that the board will comply with the declarations and bylaws of the condominium association." *Frank v Enrietto*, 2013 WL 5888503 *4 (D.V.I. 2013) *quoting McGuire* at 309. Further, "all apartment owners purchase units relying on the covenants and

---

[8] Plaintiffs' Exhibit 15 at 4.

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

conditions contained in the declaration and bylaws of record and on the assumption that they will be enforced." *Id.*

¶14.    Here, the Court agrees with Plaintiffs that unit owners are entitled to the rights guaranteed to them in the bylaws of the Association and the bylaws must be followed according to their plain meaning. There is no question as to the meaning of Article I, Section 4 which provides owners the right to vote in Board elections. "[V]oting is of the most fundamental significance under our constitutional structure." *Illinois Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979). "The right to vote is the right to participate; it is also the right to speak, but more importantly the right to be heard. We must tread carefully on that right or we risk the unnecessary and unjustified muting of the public voice." *Boardman v. Esteva*, 323 So.2d 259, 263 (Fla. 1975). Unit owners have the prerogative to have their voices heard and to elect the candidate which best represents them and their interests, analogous with the rights to vote in any republic. The Board has a duty to guarantee fair elections to protect this right.

¶15.    Yet, Defendant's interpretation of Article IV, Section 4, although well-intended, infringes on this right. Under Defendant's interpretation, the Board-appointed member could serve almost two years on the board if the vacancy opens shortly after the election. This harms the owners' ability to be able to vote for the candidates which they believe represent them best; instead, the owners could be forced to have an unelected board member for almost two years which the majority may disapprove of, completely undermining the democratic process set out in the bylaws. Defendant argues under the bylaws, owners can vote out board members which they disapprove of. However, Defendant also argues that their interpretation of Section 4 should be upheld because the annual meeting often lacks a quorum, and thus a new interpretation which changes the standard

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

practice could affect the management of the Association. The Court disagrees because while it may be convenient and practical to adopt the Board's practices of allowing an interim appointee to fill the unexpired term of a director, such practice does not comport with the bylaw.

¶16.    If an appointment occurs even with a lack of quorum, the Association is left with no choice but to accept the appointment of the interim member. The Court is not lost on the confidence that condominium owners may have within the Board's ability to appoint interim members who would have the best interest of the Association. However, this interim appointment should not usurp the owners' rights to duly elect their representatives at the annual meetings. If there is continuously a lack of a quorum at the meetings, then Defendant's proposal that owners can simply vote out a board member they disapprove of is an inadequate alternative to applying Section 4, particularly when the appropriate solution would be to give owners the right to vote in the candidates they choose to represent them, rather than undergoing the burdensome task of calling a special meeting to unseat a member. Thus, Plaintiffs have shown irreparable harm.

### C. Balancing of harm to between both parties.

¶17.    As to the third factor, the balancing of harms between the parties, the Court looks at whether the nonmoving party will suffer irreparable harm if this injunction is issued, and if so to what extent.[9] The Court also considers whether the injunction would destroy the status quo, as one of the goals of a preliminary injunction is to maintain the status quo.[10] Defendant argues the Board will struggle to manage the affairs of the Association under Plaintiffs' interpretation due to a lack of continuity. However, even under this interpretation where there will be as many as six (6) open

---

[9] *SBRMCOA, LLC*, 62 V.I. at 188.
[10] *Id.*

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

seats for election at the 2022 election, there will still be three (3) continuing directors, including the Board President. Further, the experienced General Manager who has worked with the Association since May of 2010 and through multiple Board changes adds to the continuity and stability of the Board. Additionally, the structure of the Board, which staggers the seats so as many as five or four seats can be filled every year and only allows for two consecutive terms, dictates that transformation of the Board at every annual meeting is certain.

¶18.    Defendant further contends they will be harmed under Plaintiffs' interpretation of Section 4 because this interpretation would require more people to volunteer to be on the Board. Serving on the Board is a voluntary service, and as such asking the appointed interim director to only serve a short term until the next annual meeting creates a burden on the volunteer and therefore disincentivizes members from serving in the future. The Court recognizes the hardship on the interim directors, but this hardship does not supersede the condominium owners' right to vote guaranteed under the bylaws. Neither is there any evidence to suggest that vacating a seat is a regular occurrence or to suggest that allowing the seat to remain empty for a short period of time is unduly burdensome. (e.g., a director vacating the position after 20 months into his or her 2-year term and the Board not being able to fill the interim position). Additionally, nothing suggests the interim director is precluded from their name being on the ballot to continue his or her voluntary service. Considering the *de minimis* costs associated with revising ballots or the tabulation thereof, the Board will have continuity and minimal to no disruptions given the Board President and two other members would remain on the Board. Moreover, the fact that the Board has implemented Section 4 in alignment with Plaintiffs' reading of Section 4 in the recent past, the Court finds there

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

is no likelihood of immediate and irreparable harm to Defendant when weighing the balance of the harms.

**D. The public has a significant interest in the Board abiding by the bylaws of the Association.**

¶19.    Plaintiffs argue that the public has a significant interest in enjoining the Board because an incorrect interpretation of Section 4 would be out of compliance with the Virgin Islands Condominium Act. Title 28 V.I.C. § 906 "explicitly authorizes a suit by any apartment owner to enforce the bylaws and administrative rules in addition to the covenants, conditions and restrictions in the declaration or deed to an owner's apartment." *McGuire* at 309. This Court has previously held that there is a compelling public policy argument for allowing condominium owners to enforce the Board of Directors to abide by the declarations or bylaws of the Association. *Id.* Here, Plaintiffs have adequately shown that unit owners are entitled to the right to vote[11] at every annual meeting and that the Board's interpretation of Section 4 infringes on that right. Accordingly, the Court finds there is a significant public interest in enjoining the Board and that all four factors weigh in favor of granting injunctive relief to the Plaintiffs.

**II. Declaratory Judgment**

¶20.    While Section 4 may be perceived as ambiguous or inartfully drafted, it is not so vague that the Court needs to supplant its own interpretation and overlook the plain meaning. Section 4, in relevant part, states that a vacancy:

> "shall be filled by a vote of the majority of the remaining Directors, even though less than a quorum, at any meeting of the Board of Directors for remainder of the term of the member being replaced *until a successor shall be elected* at the next annual meeting of the Association *to fill the unexpired portion* of the term."

---

[11] Plaintiffs Exhibit 15 at 4.

*Hugh P. Mabe III, et al. v. Board of Directors of*
*Mahogany Run Condominium Association, Inc.*
Case No. ST-22-CV-18
Memorandum Opinion

2022 VI Super 34U

The drafter included two clauses adequately describing that the interim director serves until the next annual meeting where the successor shall be elected to fill the unexpired portion of the original director's term. For these reasons, Article IV, Section 4, must be declared sufficiently worded to determine that those vacancies filled by vote of the Board of Directors are open for the next annual meeting election and the Board of Directors shall place such seats on the ballot for the next election as a matter of law. An appropriate Order shall follow.

Dated: March 17, 2022

_____
**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor 3 / 18 / 2022

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

HUGH P. MABE III, and SETH S. STOFFREGEN, )
                                      )
                  Plaintiffs,       )
      vs.                          )
                                        )
BOARD OF DIRECTORS OF          )
MAHOGANY RUN CONDOMINIUM    )
ASSOCIATION, INC.                 )
                  Defendant.   )

CASE NO. ST-22-CV-018

ACTION FOR DECLARATORY
JUDGMENT, TEMPORARY
PRELIMINARY and PERMANENT
INJUNCTION

2022 VI Super 34U

## ORDER

The Court having issued a Memorandum Opinion on this date, it is hereby

**ORDERED** that Plaintiffs' motion for injunctive relief is **GRANTED**; and it is further

**ORDERED** that the Board of Directors of the Mahogany Run Condominium Association, Inc. is **PERMANENTLY ENJOINED** from excluding Board-appointed vacancy replacement board members from the subsequent annual meeting election; and it is further

**ORDERED** that those vacancies filled by vote of the Board of Directors are open for the 2022 annual meeting election and that the Board of Directors shall place such seats on the ballot for this election; and it is further

**ORDERED** that copies of this Order shall be distributed to Hugh P. Mabe III, Seth S. Stoffregen, Maria T. Hodge, Esquire, and the Board of Directors of Mahogany Run Condominium Association, Inc. (Andrew Capdeville, Esquire).

Dated: March 17, 2022

                                  **Renée Gumbs Carty**
                                  Judge of the Superior Court
                                  of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor 3 / 18 / 2022