IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
September 18, 2024 05:10 PM
SX-2024-CV-00284
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

DESAREE ARTHURTON - GARVEY,

          Plaintiff,

          v.

DEONTE GARVEY, an individual and as Trustee of the STEPHEN GARVEY REVOCABLE LIVING TRUST, AZARIA GARVEY, an individual and as THE STEPHEN GARVEY REVOCABLE LIVING TRUST, CHARMAINE IGENA SMITH an individual, DODEANNA LEONARD an individual, EDWARDO GOMEZ an individual, ALL PERSONS OR ENTITIES CLAIMING AN INTEREST IN PLOT NO. 27 ESTATE LOWRY HILL, ALL PERSONS OR ENTITIES CLAIMING AN INTEREST IN PLOT NO. 56-A ESTATE RUBY, and ALL PERSONS OR ENTITIES CLAIMING AN INTEREST IN THE PROPERTY CONTAINED IN THE STEPHEN GARVEY REVOCABLE LIVING TRUST.,

          Defendants.

Case No. SX-2024-CV-284

Cite as: 2024 VI Super 34U

**MEMORANDUM OPINION**
(Filed September 18, 2024)

Andrews, Jr., *Judge*

## INTRODUCTION

¶1    Plaintiff files suit to quiet title in certain properties titled in either her

name, her now deceased husband's (i.e., Stephen Garvey) name, or in both. She claims, prior to his death, Mr. Garvey illegally transferred real and personal marital property to several individuals, and she seeks a declaratory judgment clarifying ownership of the properties. Plaintiff also seeks an injunction prohibiting all Defendants from possessing, transferring, selling, disbursing, or dissipating the properties. Pending final determination by the Court, Plaintiff filed an emergency motion for a temporary restraining order and a preliminary injunction to preserve the status quo. This opinion addresses Plaintiff's emergency motion and will deny it.

## FACTUAL BACKGROUND[1]

### THE PARTIES

Plaintiff Desaree Arthurton-Garvey resides at 27 Estate Lowry Hill in St. Croix, Virgin Islands. Compl. 2 ¶ 3. Stephen Garvey (Mr. Garvey) is the deceased husband of Plaintiff. Compl. 4 ¶ 14. He died on June 14, 2024. Compl. 16 ¶ 72; Ex. 5. They were married on May 11, 2012 and no children were born to the marriage. Pl.'s Aff. 9 - 10. Mr. Garvey is the father of defendants Deonte Garvey and Azaria Garvey. Compl. 3 ¶ 6. In or about 2022 he was diagnosed with Stage 3 colon cancer and his health deteriorated. Compl. 11 ¶¶ 49-50. Defendant Deonte Garvey resides in North Carolina. Compl. 2 ¶ 4. Defendant Azaria Garvey resides in Georgia. Compl. 3 ¶ 5.

---

[1] The facts are derived from undisputed complaint allegations, exhibits filed with the complaint and the parties' in-court proffers at a hearing held on August 28, 2024. They are undisputed for the most part and any disputed fact is specially noted.

Defendant Deodeanna Leonard resides on St. Croix and is Mr. Garvey's ex-wife. Compl. 3 ¶ 7. Defendant Charmaine Igena Smith is a resident of St. Croix, Virgin Islands. Compl. 3 ¶ 9. Defendant Edwardo Gomez is a resident of St. Croix, Virgin Islands. Compl. 3 ¶ 10.

## REAL PROPERTY

### 27 Estate Lowry Hill

On January 26, 2010, ownership of 27 Estate Lowry Hill, St. Croix, Virgin Islands was transferred to Plaintiff and Mr. Garvey as joint tenants with rights of survivorship. Pl.'s Aff. Ex. 1a. On June 13, 2024, Mr. Garvey executed a deed of gift purportedly transferring his interest in that property to defendants Deonte Garvey and Azaria Garvey. Compl. 15 ¶ 69; Pl's Aff. Ex. 2a. Plaintiff claims defendants Deonte Garvey and Azaria Garvey have been changing passwords on accounts for her security system and electric bill for the property. Compl. 17 ¶ 79; Pl.'s Proffer. This conduct, she alleges, limits her access to vital information regarding the accounts. Id. ¶ 80.

### 56-A Estate Ruby

During the marriage Mr. Garvey purchased Plot 56A Estate Ruby, St. Croix, Virgin Islands consisting of 3.4 acres of land.[2] Pl.'s Aff. Ex. 1, at 7; Compl. 6 ¶ 20. He subdivided and transferred the property by deed as follows:

---

[2] It is unclear from Plaintiff's Emergency motion if this property was title in Stephen Garvey's name only. The Plaintiff only asserts that it was bought with marital funds. The Court presumes the property was titled only in Mr. Garvey's name.

| Plot | Size | Transferee | Date of Transfer |
|------|------|-----------|------------------|
| 56-A-A-A | .5 acres | Sarah Duggins | 12/19/20 |
| 56A-A | .5 acres | James Newton | 12/29/20 |
| 56A-C | .5 acres | A. and M. Williams | 01/04/21 |
| Remainder 56A | .593 acres | Latisha Jenkins | 01/31/21 |
| 56A-B-3 and 56A-B | .235 acres | Deonte Garvey | 01/08/24 |
| Plot 56A-B-2 | .232 acres | Deonte Garvey | 02/08/24 |
| Plot 56A-B-1 | .248 acres | Dimitrous Jefferson | 02/12/24 |

Compl. 6 ¶ 22; Pl.'s Aff. Exs. 1I, 1j, 1K, 1L, 1M, 1N, 1O.

PERSONAL PROPERTY IN STEVEN GARVEY TRUST

On March 11, 2024, a trust was created named "Stephen Garvey Revocable Living Trust" (SGRLT). Compl. Ex. 3. It was settled by Mr. Garvey. Id. Defendants Deonte Garvey and Azaria Garvey are named as trustees in the trust. Compl. Ex. 3. Various personal property (purchased by Mr. Garvey), a business, and two bank accounts were placed in the trust as follows.[3] Emergency Mot. for TRO. 8 ¶ 25.

---

[3] In her Emergency Motion, Plaintiff lists three (3) items as being contained in the SGLRT i.e., two 2017 Acuras and one 2015 Hyundai Sonata. Emergency Mot. for TRO. 2-3. Those items, however, are not in the trust document filed with the Court. Pl.'s Aff. Ex. 3. At the August 28, 2024 hearing, Plaintiff proffered that the vehicles were purchased and titled in Innovative Used Car Sales' name, who is not a named defendant. She proffered that the Acura's are in the possession of an unnamed mechanic who is not a defendant in this case. She also proffered that the Sonata is at an unknown location. As those items appear not be connected to any named defendant, the Court excludes them from its analysis regarding the issuance of a restraining order.

Innovative Used Car Sales

In or about 2017, Stephen Garvey began operating a business named Innovative Used Car Sales. Compl. 10 ¶ 46.   The tradename Innovative Used Car Sales was placed in the  SGRLT. Compl. Ex. 3, at 4 ¶ 4a.

Checking Account – Bank of St. Croix

The SGRLT contains a checking account with number 700008658. Compl. Ex. 3, 4 ¶ 4b.

Savings Account - PFCU

During the marriage Plaintiff and Mr. Garvey opened a joint savings account with Pentagon Federal Credit Union (PFCU), Account No. 2593183-01-1.  Marital funds and rental income earned during the marriage were deposited into the account. Compl. 10 ¶ 45.  The savings account was placed in the SGRLT. Compl. Ex. 3, at 4c. Plaintiff claims Mr. Garvey gave defendants Deonte Garvey and Azaria Garvey passwords to the PFCU and other accounts held jointly by Mr. Garvey and  her. Compl. 17 ¶ 81.  Additionally, Plaintiff claims that Deonte and Azaria Garvey have access to her other accounts including her VIYA internet, Liberty telephone, USAA vehicle insurance, CIGNA health insurance, her credit cards, and Mr. Garvey's Apple account. Compl. 18 ¶ 83.  In June 2024, Plaintiff withdrew $22,500.00 from the joint savings account to protect it from being taken by Mr. Garvey. Pl.'s Aff. Ex. 1, at 9 ¶ 60.

 2014 Case Backhoe

The   SGRLT   contains   a   2014   Case   Backhoe   with   Serial   No.

JJGN580NVEC700199. Compl. Ex. 3, at 4 ¶ 4d. Plaintiff claims defendant Smith received $60,000 on May 27, 2024 for a backhoe. Compl. 16 ¶ 76.

On May 27, 2024, a $60,000 check made to defendant Charmaine Smith, from K.E.C.A. Heavy Equipment in Tortola for "a Backhoe" was deposited into a First Bank Account supposedly owned by Charmaine Smith. Exs. 2g, 2h; Proffer of C. Smith. She shortly thereafter transferred the funds to two or three individuals as instructed by Mr. Garvey. Proffer of C. Smith.

Plaintiff claims defendant Gomez is in possession of the backhoe and refuses to release it to her. Compl. 77. To the contrary, Gomez claims Mr. Garvey and he purchased the backhoe in 2021 for $70,000 and each contributed $35,000 towards its purchase. Proffer of E. Gomez. It is unclear whether the backhoe Plaintiff associates with the $60,000 payment is the same backhoe that Gomez proffered he possesses or whether any of them is the 2014 Case Backhoe named in the trust.

Skid Steer – Case 2011

The SGRLT contains a 2011 Skid Steer with Serial No. JAFTR320HBM440188. Compl. Ex. 3, at 4 ¶ 4e.

Chevrolet - 2013

The SGRLT contains a silver 2013 Chevrolet with VIN 1GB3KZC88DF153780. Compl. Ex. 3, at 4 ¶ 4f.

Mercedes - 2019

The SGRLT contains a 2019 Mercedes GLC with VIN WDC0J6EBXKF508092. Compl. Ex. 3, at 4 ¶ 4g. The vehicle was titled in Stephen Garvey's name since June

25, 2021. Pl.'s Aff. Ex. 1h.  Plaintiff claims the car was purchased for, and driven by, her and that Mr. Garvey stated he would transfer title to her. Compl. 10 ¶ 47; Emergency Mot. for TRO. 16 ¶¶ 34.

### Suzuki – 2022

The SGRLT contains a 2022 Suzuki Haya motor bike with VIN JS1EJ11B7N7100095. Compl. Ex. 3, at 4 ¶ 4h.

### Avanti – 1997

The SGRLT contains a 1997 Avanti Boat with Vessel Identification No. ERQ31205A797. Compl. Ex. 3, at 4 ¶ 4i.  On April 30, 2024, Stephen Garvey executed a bill of sale to sell the boat to Egbert Damon Wheately for $78,000.00. Pl.'s Supp. Aff. Ex. 2c.

### Baja – 1996

The SGRLT contains a 1996 Baja Boat with Identification No. AGCG3197F596. Compl. Ex. 3, at 4 ¶ 4k.  On April 30, 2024, Mr. Garvey executed a bill of sale to sell the boat to Egbert Damon Wheately of Anegada, British Virgin Islands for $40,000.00. Pl.'s Supp. Aff. Ex. 2b.

On May 17, 2024 Wheatley submitted a telegraphic transfer of $60,000 from his bank account in Tortola, BVI to Popular Bank in St. Croix, for the benefit of defendant Deodeanna Leonard as a deposit for payment of the boats (presumably the Avanti and Baja). Compl. Supp. Aff. Ex. 2d.  The payment cleared the same day. Id. defendant Leonard denies ever receiving the funds.  Proffer by D. Leonard.

On May 22, 2024, a $58,000 check made to defendant Charmaine Smith, from

K.E.C.A. Heavy Equipment in Tortola for "for final payment 2 boats" (presumably the Avanti and Baja) was deposited into Charmaine Smith's First Bank Account. Id. Exs. 2c, 2f; Proffer of C. Smith.  She shortly thereafter transferred the funds to two or three individuals  as instructed by Stephen Garvey. Proffer of C. Smith.

BEAC – 2005

The SGRLT contains a 2005 BEAC with VIN 4XWW32375N808140. Compl. Ex. 3, at 4 ¶ 4j.

Town – 2000

The SGRLT contains a 2000 Town with VIN 5AZBB2729YF007069. Compl. Ex. 3, at 4 ¶ 4k.

## DIVORCE PROCEEDINGS

On May 3, 2024, Plaintiff filed a divorce complaint against Stephen Garvey. Compl. 14 ¶ 65.  Pursuant to her motion, the divorce court issued a Standing Order on May 20 2024 prohibiting Plaintiff and Mr. Garvey from, among other things,

a. Destroying, transferring, or otherwise harming or reducing the value of the property of either party; and

b.  selling, transferring, assigning, mortgaging, encumbering or in any other manner alienating any of the property of either party, whether personal property or real estate property and whether separate or community.

Standing Order, Arthurton-Garvey v. Garvey, Fam. No. SX-2024-DI-044, CMS 14. 05-20-24.  The order does not specify any personal or real estate property. Id.  On June 23, 2024, the Family Court dismissed the proceedings with prejudice in light of Mr.

Garvey's death on June 14, 2024.

## PROCEDURAL HISTORY

Plaintiff filed her complaint on August 20, 2024. On August 23, 2024, she filed the instant emergency motion for a temporary restraining order and preliminary injunction. No answer to the complaint nor response to the motion was filed by any of the defendants. On August 28, 2024, the Court held a hearing on the motion. Plaintiff appeared through counsel, Kye Walker, Esq. Defendants Deodeanna Leonard, Charmaine Smith and Edwardo Gomez appeared in person without counsel.[4] The Court heard proffers from the parties and took the matter under advisement.

## APPLICABLE LAW

Plaintiff seeks injunctive relief. This is an equitable, as opposed to a legal, remedy. 3RC & Co. v Boynes Trucking System, 63 V.I. 544, 553 (V.I. 2015). A trial court has wide latitude in considering such remedies. Id. Such relief "is only available where there is no adequate remedy at law." Id. at 554. As such, "a party seeking injunctive relief must demonstrate that the injunction is necessary to avoid 'certain and imminent harm for which a monetary award does not adequately

---

[4] The Court notes that although the complaint herein was filed on August 20, 2024 and the Motion for Restraining Order on August 23, 2024, neither document was served on any of the defendants by the time of the August 28th hearing. However, the defendants who appeared for the hearing were served by court marshals with summons to appear and were given copies of the complaint for review before commencement of the hearing. The remaining two defendants, Deonte Garvey and Azaria Garvey, who reside in the U.S. mainland per court documents, were not served and did not appear at the hearing.

compensate.'" Id. citing Yusuf v. Hamed, 59 V.I. 841, 854 (V.I. 2013). Virgin Islands rules provide that a temporary restraining order may issue only where the moving party presents facts, in the complaint or an affidavit, which clearly show that "an immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." V.I.R. Civ. 65. The Virgin Islands Supreme Court has recognized four factors required for the issuance of injunctive relief:

> (1) whether the movant has shown a reasonable probability of success on the merits;
>
> (2) whether the movant will be irreparably injured by denial of the relief;
>
> (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and
>
> (4) whether granting the preliminary relief will be in the public interest.

Yusuf v. Hamed, 59 V.I. 841, 847 (V.I. 2013). The court must balance all factors under a sliding-scale analysis while weighing the relative strengths of each. Boynes Trucking System, Id. at 555 - 57. Thus, a weak showing of irreparable harm may be overcome by a strong showing on the merits and visa versa. Id. at 556.

## ANALYSIS

Plaintiff seeks a temporary restraining order and preliminary injunction enjoining Defendants from transferring, selling gifting, disbursing, withdrawing, or

dissipating the real and personal property mentioned in her motion; and from interfering with, accessing, or modifying her or Stephen Garvey's accounts. Mot. for TRO. 17-18. None of the defendants were served with her complaint or emergency motion. The Court will thus only consider her motion for a temporary restraining order and will deny it for the reasons that follow.[5]

To obtain her requested relief Plaintiff much establish: a) she will suffer imminent irreparable harm if relief is denied; b) there is a reasonable probability she will succeed on the merits; c) the grant of a restraining order will not result in greater harm to Defendants; and d) the grant of a restraining order is in the public interest.[6] V.I.R. Civ. P. 65(b)(1). The Court will address each factor separately.

## IMMINENT IRREPARABLE HARM

### Real Estate – Lowry Hill

Plaintiff claims defendants Deonte and Azaria Garvey are interfering with the quiet enjoyment of her residence located at 27 Estate Lowry Hill, St. Croix, Virgin Islands. She claims they changed passwords on accounts connected to the

---

[5] A preliminary injunction may issue "only on notice to the adverse party." V.I.R. Civ. P. 65(a)(1). Since none of the defendants were served with notice of Plaintiff's complaint or motion for injunctive relief, this Court will not address the motion for preliminary injunction until notice is served on them. Virgin Islands law, however, permits the issuance of a temporary restraining order without notice to the adverse party under certain conditions. V.I.R. Civ. P. 65(b)(1).

[6] Under Virgin Island law a plaintiff must also certify her efforts to give notice to and provide reasons why it should not be required. At the hearing, Plaintiff proffered that she submitted her complaint and motion to a process server and requested expedited service. Nevertheless, service was not effected. Under the circumstances, the Court finds that Plaintiff is in substantial compliance with the notice requirements.

residence thus impacting her ability to access and manage home utility bills, vehicle and health insurance accounts, credit cards, and home security systems and exposes her to possible unwanted surveillance. Emergency Mot. for TRO. 14 ¶¶ 56 – 59. The nature of this harm is not susceptible to monetary repair. There is no way to reasonably calculate the value of the inconvenience, burden, and related stress of: inability to pay one's utility bills; inability to manage one's home security system electronically; being potentially exposed to unwanted surveillance. Such harm, the Court finds, is imminent and irreparable.

## Real Estate - Ruby

Plaintiff claims Mr. Garvey, prior to his death, subdivided and transferred several lots from 56A Estate Ruby to some Defendants and other individuals besides her. She claims Defendants are using the conveyance to "cloud the title of the properties." Emergency Mot. for TRO. 20. However, the only defendant alleged to have any connection with the Ruby property is Deonte Garvey. Notably Plaintiff has not sued any of the other five (5) transferees of the Ruby property nor claim that the conveyances to them were invalid or causing her harm. She does not assert she is, or ever was, in possession of 56A Estate Ruby nor any of its subdivisions. She does not explain how Deonte Garvey is allegedly clouding title to the properties. As per Plaintiff, title to 56A was originally in Stephen Garvey's name solely until he subdivided and sold lots therefrom. Under the circumstances Plaintiff has not established how Deonte Garvey, or any defendant, is clouding title

or otherwise harming Plaintiff at all, much less irreparably.

Personal Property in Stephen Garvey Trust

The Stephen Garvey Trust contains: the business trade name "Innovative Used Car Sales;" 2 bank accounts; 2 pieces of heavy equipment (i.e., a Case Backhoe and a Skid Steer); 2 vehicles (a Chevrolet Truck and a Mercedes SUV); a Suzuki Haya motor bike; 2 boats (an Avanti and a Baja); a BEAC (2005); and a Town vehicle. Pl.'s Aff. Ex. 3, at 4. Plaintiff asserts generally that she "suffered significant loss of property due to Mr. Garvey's duplicitous actions in fraudulently conveying their marital property to various third parties." Emergency Mot. for TRO. 22. The trustees, she claims, are asserting their claims to the property. Id. Plaintiff states she has been unable to take possession of the backhoe belonging to the marital estate due to defendant Gomez refusing to relinquish possession which puts their sale at risk. Id. at 23. Defendants, Plaintiff contends, may divest her of possession of all her property before the Court could resolve her complaint allegations.

Plaintiff does not allege that she ever had possession of any of the property listed in the trust other than the joint savings account. Her main claim of harm is her assertion of title and right to possession of property transferred to Defendants. All trust assets are susceptible to monetary valuation. Accordingly, any loss Plaintiff may suffer through deprivation of possession can be compensated for through money damages. 3RC & Co., 63 V.I. at 553 (stating party seeking

injunctive relief must show "certain and imminent harm for which a monetary award does not adequately compensate."). In short, her alleged harm is not irreparable.[7]

## SUCCESS ON THE MERITS

<u>Real Estate – Lowry Hill</u>

Plaintiff seeks to restrain defendants Deonte and Azaria Garvey from interfering with the quiet enjoyment of her residence located at 27 Estate Lowry Hill, St. Croix, Virgin Islands. She and Mr. Garvey acquired the property on January 26, 2010 as joint tenants with rights of survivorship. Pl.'s Aff. Ex. 1a. On June 13, 2024, Mr. Garvey executed a deed of gift purportedly transferring his interest in 27 Estate Lowry Hill to defendants Deonte Garvey and Azaria Garvey. Compl. 15 ¶ 69. In a joint tenancy, both parties possess equal rights in the enjoyment of the property during their lifetime. <u>LaForce v. Estate of LaForce</u>, 72 V.I. 312, 317 (Sup. Ct. 2019). Due to this right, "the death of one joint tenant automatically causes the entire estate to pass directly to the survivor tenant." <u>Id</u>. citing <u>In re Estate of Phillip</u>, 41 V.I. 37, 41 (V.I. Terr. Ct. 1999); <u>Sasso v. Hackett</u>, No. SX-02-538, 2020 V.I. LEXIS 44, at *6 (Super. Ct. Apr. 8, 2020) (stating upon death of a tenant the other became the sole owner of the property held as joint tenants with rights of survivorship.); <u>Davis v. Grasso</u>, No. ST-07-CV-365, 2009 V.I. LEXIS 58 at *1 n 1 (Super. Ct. Nov. 17, 2009) (stating decedent and co-tenant

---

[7] With respect to the joint savings account, Plaintiff alleged she has already withdrawn one half of $45,000.00 that was in the account. Having secured her share, it is unclear what loss she suffers regarding the account.

owned property as joint tenants with rights of survivorship and ownership passed to co-tenant, upon death of decedent, by operation of law.). As such, when Stephen Garvey died on June 24, 2024, Plaintiff, the surviving tenant, became the sole owner of 27 Estate Lowry Hill. The June 13, 2024 deed, purporting to transfer Garvey's share to defendants Deonte Garvey and Azaria Garvey, is thus a nullity. Accordingly, Plaintiff's success on the merits regarding the Lowry Hill property is extremely strong.

Real Estate - Ruby Property

Plaintiff claims No. 56A Estate Ruby is marital property and she has title as part of the marital estate of Mr. Garvey and her. Emergency Mot. for TRO. 20. Her reliance on divorce law regarding marital property is misplaced.

Virgin Islands law vests jurisdiction in the Family Division of this Court when issuing final divorce orders, to equitably distribute the marital property of the parties. 16 V.I.C. § 109(a)(7). This includes, with certain exceptions, real and personal property acquired by either spouse subsequent to the marriage. Id. The right to equitably distribute marital property thus exists solely in the context of a divorce proceeding. Smith v. Henley, 67 V.I. 965, 976 (V.I. 2017) (stating "[w]here a party in a divorce proceeding is unable to prove that property was either acquired prior to the marriage, or is subject to the enumerated exceptions, . . . the property is considered marital property.") (emphasis supplied); and Inniss v. Inniss, 65 V.I. 270, 275 (V.I. 2016) (stating 16 V.I.C. 109(a)(7) "grants the Superior Court

jurisdiction to equitably distribute marital property <u>during a divorce proceeding</u>.")

(emphasis supplied); <u>LaForce v. Estate of LaForce</u>, 72 V.I. 312, 319 (Super. Ct.

2019) (stating the petitioner could not claim property as marital property because

"that doctrine has exclusive use in domestic relations and divorce."). Therefore,

absent a pending divorce or dissolution proceeding this court is without authority

to restrain or distribute marital property.

The Court's potential jurisdiction over marital property does not preclude any

spouse from unilaterally managing or disposing of his or her separate property

without knowledge or consent of the other during the marriage where no divorce

proceedings have been instituted.[8] <u>See</u> 16 V.I.C. § 67 (providing that "[t]he

husband and wife shall have the right to manage and dispose of their respective

estates, except as otherwise provided in this chapter."). Accordingly, Plaintiff's

reliance on the Virgin Islands' definition of marital property is misplaced. Such

definition is limited to the purposes and authority stated in 16 V.I.C. § 109(a). <u>See</u>

14 V.I.C. 109(a)(7) (stating the definition of marital property is "for purposes of this

paragraph".).

Here, there is no pending divorce proceeding as it was dismissed, on June

---

[8] In support of her "marital property" argument, Plaintiff asserts that Mr. Garvey purchased the property with marital funds. Emergency Mot. for TRO. 8 ¶ 25. Other than her bald assertion, she presents no evidence nor argument regarding the basis of her knowledge as to the source of funds Mr. Garvey used to purchase the property. Further, most of the Ruby lots were transferred before tension in the relationship increased in 2022. The Court thus finds insufficient evidence of any fraud associated with Mr. Garvey's purchase or subsequent conveyance of the Ruby property.

24, 2024, subsequent to Stephen Garvey's death. Even if one were pending, all of the Estate Ruby properties (i.e., the subdivisions) were transferred to the trust prior to filing of the divorce complaint on May 3, 2024 (or the issuance of the standing order on May 20, 2024) and would not have constituted marital property. Accordingly, Stephen Garvey was free to dispose of his separate Ruby properties without Plaintiff's knowledge or consent. Accord Fournier v. Fournier, 376 A.2d 100, 102 (Sup. C.t Maine 1977) (interpreting almost identical definition of marital property and stating "the Act does not prevent married persons from owning property separately during marriage and disposing of it in any fashion either of them may choose, assuming neither a separation nor a divorce intervenes."). Under the circumstances Plaintiff has no interest nor rights in the Ruby property disposed of by Stephen Garvey. Her success on the merits regarding the Ruby property is thus extremely weak.

Personal Property – Steven Garvey Trust

The Stephen Garvey Trust was created on March 4, 2024 and contains: the business trade name "Innovative Used Car Sales" (a business that Stephen Garvey was licensed to operate); a joint savings account at PFCU; a checking at Bank of St. Croix; 2 pieces of heavy equipment (i.e., a Case Backhoe and a Skid Steer); a Chevrolet Truck; a Mercedes (SUV) titled in Stephen Garvey's name; a Suzuki Haya motor bike; 2 boats (an Avanti and a Baja); a BEAC (2005); and a Town vehicle. Pl.'s Aff. Ex. 1, at 5 - 7. Plaintiff does not claim ownership to any of

the trust property except the joint savings account. She claims Garvey bought the trust property with marital income and it therefore constitutes marital property which could not be conveyed without her knowledge and consent. Pl.'s Aff. Ex. 1, at 7; Emergency Mot. for TRO. 15 ¶ 62. The trust, she concludes, is thus invalid as it composed of invalid and fraudulent conveyances. Mot. for TRO. 21. Plaintiff misconstrues applicable law.

To establish a valid trust there must be: 1) a valid conveyance of trust property; 2) a settlor who intends to create a trust; 3) a conveyance to a trustee to hold legal title; and 4) legal title that is held for the benefit of a third-party beneficiary. Turnbull-Wheatley v. Turnbull, No. 2019-062, 2024 V.I. Supreme LEXIS 24 at *17 (Sup. Ct. Jun. 5, 2024). Plaintiff's sole attack on the trust targets only the first element, i.e., the validity of the conveyance of property into the trust without her knowledge and consent.

Contrary to Plaintiff's assertion, the assets placed in the trust were Garvey's separate property which he was free to dispose of as he saw fit as explained above. He conveyed them into the trust, on March 14, 2024, before commencement of the May 4, 2024 divorce proceedings. Upon conveyance, title to those assets were vested in the trustee, and Mr. Garvey lost title to them. King v. Appleton, 61 V.I. 339, (V.I. 2014), citing Robert L. Glicksman, Sustainable Federal Land Management: Protecting Ecological Integrity and Preserving Environmental Principal, 44 Tulsa L. Rev. 147, 179-80 (2008) (stating that "a trust

mechanism vests legal title to trust property in a trustee."). The assets thus ceased to be marital property. Accordingly, Plaintiff's challenge to the validity of the trust, and her claim to trust property, is weak.

## HARM TO DEFENDANTS

### Real Estate – Lowry Hill

The only defendants potentially impacted by a restraining order applicable to the Lowry Hill property are Deonte Garvey and Azaria Garvey. As they are not in possession of the property and appear to have no legal right to possession or title, they will bear no harm if a restraining order was issued as requested by Plaintiff.

### Real Estate – Ruby

Plaintiff seeks an order restraining the owners of the Ruby properties from transferring, selling, gifting, dissipating, etc. their lots. Deonte Garvey is the only defendant in possession of any Ruby property and thus the only one a restraining order would impact. Such an order would restrict and hamper his ability to encumber and/or dispose of the property as he sees fit. He would thus suffer harm if a restraining order is issued restricting his use of the property.

### Personal Property – Steven Garvey Trust

Plaintiff's restraining order request regarding trust property is ambiguous for the most part. The property was transferred to the trust on March 14, 2024 and provided for distribution to Deonte and Azaria Garvey upon Mr. Garvey's death.

Compl. Ex. 3. However, some property are no longer in the trust or control of any defendant. Assessing harm to the named defendants, under those circumstances is impossible in some instances as explained below.

It is unclear who currently has control over the tradename Innovative Used Car Sales or what conduct by which defendant Plaintiff seeks to restrain. Assessing harm regarding this asset is thus not possible. There is no information as to what amount of funds, if any, is in the Bank of St. Croix Checking or the Pentagon Federal Credit Union Savings accounts. Assuming they contain funds and defendants Deonte and Azaria Garvey can access them, they would suffer harm if the Court were to restrict their use. It is unclear whether the 2014 Case Backhoe is the machine allegedly sold to Wheatley in Tortola or is the backhoe defendant Gomez proffered was bought by Mr. Garvey and him. Nevertheless, restraining Gomez' use of the backhoe he possesses for business use would cause him harm. Plaintiff proffered that she has possession, at Lowry Hill, of three vehicles placed in the trust: the 2019 Mercedes, the 2013 Chevy Silverado and the 2022 Suzuki Haya. She seeks an order restraining defendants generally from attempting to remove them. There is no evidence that any defendant has made any such attempt. Nevertheless, the Court sees no harm resulting to any defendant should a restraining order be issued. No evidence was presented regarding the location or possessor of the 2011 Skid Steer or the 2000 Town or the 2005 BEAC vehicles. As such the Court cannot assess any harm relative a

restraining order as to them. None of the defendants are in possession of the <u>1997 Avanti Boat</u>, the <u>1996 Baja Boat</u>, or the proceeds from their sales. An order, as Plaintiff requests, requiring defendants Smith and Leonard to return any proceeds they may have possessed would create a serious hardship to them. Furthermore, such an order would not constitute a restraining order.

## PUBLIC INTEREST

An analysis of the three forgoing factors leads the Court to decline issuance of restraining order as explained below. Consideration of the public interest factor generally supports the Court's conclusion after analyzing the first three factors. For this reason, the Court will not conduct a detailed analysis of the public interest factor.

## CONCLUSION

### Deonte and Azaria Garvey

The main harm Plaintiff alleges with respect to defendants Deonte Garvey and Azaria Garvey is their interference with her utility, internet, and security accounts regarding the Lowry Hill property. Although the applicable factors weigh in favor of issuing a restraining order, this Court declines to do so. The Court takes judicial notice that the accounts impacted by the defendants alleged interference are of the nature that the owner can simply contact the respective provider and change the password and username or restrict access. Here, Plaintiff has a deed to the Lowry Hill property but has not sought to remedy her concern by simply

contacting the provider. As injunctive relief is an extraordinary remedy, and Plaintiff has a simple practical alternative avenue for relief, issuance of a restraining order is unwarranted.

As explained above, Plaintiff has not established how Deonte Garvey is harming her with respect to the Ruby property and her claim on the merits regarding that property is weak. Deonte would suffer harm should an order issue restricting his use of two Ruby properties transferred to him.

With respect to personal property in the trust, Plaintiff has not shown any imminent harm by Deonte and Azaria's alleged possession of username and passwords to the checking and savings account; nor has she shown she would likely succeed on the merits regarding her claim to the accounts. With respect to the savings account, Plaintiff clearly has an alternative means of relief since the account is jointly held in her name.

## Charmaine Smith and Dodeanna Leonard

Plaintiff claims defendants Charmaine Smith and Dodeanna Leonard "are unlawfully in possession of funds from the proceeds of the Wheatley conveyances." Mot. for TRO. 17 ¶ 71. She thus seeks an order requiring the transfer of such proceeds to the Court. Such an order is inappropriate under the circumstances.

First, Plaintiff has not established any irreparable harm she would bear if the proceeds were not returned. This is so because she has not demonstrated any

pre-sale entitlement to the boats and backhoe that were sold. Further, Leonard proffered that she never received the proceeds; and Smith proffered she received them on behalf of Mr. Garvey and disposed of them as he instructed. Under these circumstances it would be an unjustifiable hardship should these defendants be required to deposit the proceeds (for which there is no evidence they currently possess) in the Court's registry. More significantly, however, the harm claimed is purely monetary and can adequately be remedied via a monetary award. Issuance of a restraining order is thus inappropriate.

## Edwardo Gomez

Plaintiff claims defendant Edwardo Gomez is in possession of a backhoe that was placed in the trust, and he should be restrained from disposing of it in any way. She seeks an order restraining him from disposing of the machine. The backhoe, she claims, was purchased by Wheately who paid defendant Smith $60,000 for it on May 27, 2024. See Pl's. Supp. Aff. Ex. 2, 2h. Gomez proffered, however, that he purchased the backhoe in 2021 and still possesses it. It is thus unclear which backhoe Plaintiff seeks to restrain. She has failed to establish any harm resulting from Gomez' continued possession of the backhoe in his possession; and has failed to establish any legal right to it. Gomez on the other hand would suffer harm if restricted as to his right to dispose of the machine which he proffers were purchased partly by him. Under the circumstances the issuance of a restraining order is inappropriate.

After balancing the applicable factors as to each Defendant, this Court concludes that Plaintiff has failed to establish any cognizable harm she suffers from any of Defendant's conduct other than the interference of her security and utility accounts by defendants Deonte Garvey and Azaria Garvey. Her likelihood of success on the merits with respect to defendants Leonard, Smith and Gomez is weak. The harm she claims to suffer from the conduct of Deonte and Azaria is not imminent and can be remedied via monetary damages or other nonjudicial means available to her. See V.I.R. Civ. P. 65(b)(1)(A) (requiring injury or loss to be immediate and irreparable to justify the issuance of a temporary restraining order.) Accordingly, the Court declines to issue a temporary restraining order against any of the defendants in this matter. An order consistent herewith will be issued contemporaneously.

DATE: September 18, 2024

ALPHONSO G. ANDREWS, JR.
Superior Court Judge

**Attest:**
**TAMARA CHARLES**
CLERK OF THE COURT

COURT CLERK III

DATE

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
September 18, 2024 05:10 PM
SX-2024-CV-00284
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **Desaree Arthurton-Garvey,** | Case Number: **SX-2024-CV-00284** |
| **Plaintiff** | Action: **Quiet Title** |
| **v.** | |
| **Deonte Garvey et al** | |
| **Defendant.** | |

## NOTICE of ENTRY
## of
## __Memorandum Opinion__

**To:** Kye Walker, Esq.                opinions@vicourts.org

Charmaine Smith                Edwardo Gomez
Dodeanna Leonard                Deonte Garvey
Azaria Garvey

**Please take notice that on September 18, 2024**
**a(n)** _____ **Memorandum Opinion** _____
**dated    September 18, 2024    was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:    September 18, 2024**
_____

**Tamara Charles**
_____
**Clerk of the Court**

By:

_____
**Dayanara Felix**
**Court Clerk Supervisor**